**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| INRE: | ) | |
| | ) | |
| DARRYL DANE STEWARD, & | ) | CHAPTER 13 |
| SHAWNA LYNN STEWARD | ) | CASE NO. 20-10076 |
| | ) | |
| Debtors | ) | |
| | | |
| ************************** | ) | |
| DARRYL DANE STEWARD, & | ) | |
| SHAWNA LYNN STEWARD, | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | ADVERSARY PROCEEDING |
| vs. | ) | No. 20- |
| | ) | |
| LENDUM O, INC, aka. | ) | |
| LENDUMO, INC. | ) | |
| | ) | |
| DEFENDANT | ) | |

## COMPLAINT

NOW COME the Darryl and Shawna Steward (hereafter "Debtor"), by and through their counsel, Law Office of J. Scott Logan, LLC and complains against Lendum o, Inc., aka Lendumo, Inc. (hereafter "Defendant"), as follows:

1. Jurisdiction in this matter exists pursuant to 28 U.S.C. §1334(a) and (b); venue is appropriate in this District pursuant to 28 U.S.C. §1408. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), and is further brought under 11 U.S.C. §362(k).

2. Debtors filed a Chapter 13 bankruptcy proceeding on February 18, 2020.

3. On their Schedules, Debtor listed Defendant, which uses the names Amplify Credit and Amplified Credit, at P.O. Box 542, Lac Du Flambeau, WI 54538. Exhibit A is a true and accurate copy of Debtors' Schedule F.

4. On February 21, 2020, the Bankruptcy Noticing Center notified Defendant of the filing at its chosen address. Exhibit B is a true and accurate copy of the BNC notice of filing.

5. Prior to February 28, 2020, Defendant contacted Debtors on multiple occasions seeking payment.

6. Prior to February 28, 2020, Debtor engaged in multiple communications with Defendant and provided it proof of filing.

7. On February 25, 2020, Defendant sent an electronic demand for payment to Debtors.

8. On February 25, 2020, Debtors' Counsel responded to the communication, asking Defendant to cease contact and providing a copy of the notice of filing via attachment. Attached as Exhibit C is a true and accurate copy of that communication.

9. On February 28, 2020, Defendant sent another electronic demand for payment to Debtors.

10. On February 28, 2020, Debtors' Counsel responded to the communication, asking Defendant to cease contact and providing a copy of the notice of filing via attachment. Attached as Exhibit D is a true and accurate copy of that communication.

11. On February 29, 2020, Defendant sent Debtors an electronic notice that it had attempted to offset a bank account. Attached as Exhibit E is a true and accurate copy of that notice.

12. On February 29, 2020, Defendant sent Debtors and email demanding payment. Attached as Exhibit F is a true and accurate copy of Defendant's February 29, 2020 email.

13. On March 4, 2020, Defendant sent Debtors and email demanding payment.

14. On March 4, 2020, Debtors' Counsel responded to the communication, asking Defendant to cease contact and providing a copy of the notice of filing via attachment. Attached as Exhibit G is a true and accurate copy of that communication.

15. On March 4, 2020, Debtors' Attorney followed up Exhibit G with his own email.

      Attached as Exhibit H is a true and accurate copy of that email.

16. On March 23, 2020, Defendant sent Debtors and email demanding payment.

17. On March 23, 2020, Debtors' Counsel responded to the communication, asking Defendant to cease contact and providing a copy of the notice of filing via attachment. Attached as Exhibit I is a true and accurate copy of that communication.

## COUNT I: VIOLATIONS OF THE AUTOMATIC STAY

18. Debtors re-allege and incorporate by reference paragraphs 1-17 of this Complaint.

19. Upon information and belief Defendant received notification of Debtors' bankruptcy filing.

20. Property of the estate includes the Debtor's postpetition earnings and bank accounts.

21. 11 U.S.C. §362(a)(3) prohibits acts to obtain possession of or exercise control over property of the estate.

22. Despite numerous warnings (at least *nine*), Defendant has persisted in demanding payment and attempting to exercise control over property of the estate.

23. Defendant's actions, with knowledge of the automatic stay, constitute of willful violations of the stay.

24. The actions of Defendant demonstrate a failure to maintain adequate procedures, policies and practices designated to prevent violation of 11 U.S.C. §362(a) and/or its intention to violate said provision of the Bankruptcy Code through its procedures, policies and practices.

25. Debtor sand/or the Estate are entitled to receive from Defendant actual damages, including costs and attorney fees, plus such punitive damages as the court may allow in this matter pursuant to 11 U.S.C. §362(k).

WHEREFORE, Debtors pray that this Court sanction Defendant, award such actual damages, including costs and attorneys fees, and any punitive damages it deems appropriate, and grant such other and further relief as this Court deems just and reasonable.

Dated at Portland, Maine, this 28th day of April 2020.

        LAW OFFICE OF J. SCOTT LOGAN, LLC

By: /s/ *J. Scott Logan*_____
    J. Scott Logan, Esq. Bar No. 9871

    Counsel for Debtor
    75 Pearl Street, Ste. 212
    Portland, ME 04101
    (207) 699-1314
    scott@southernmainebankruptcy.com